IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ROBERT L. SCHULZ,<br>　　　　Plaintiff | ) <br> ) <br> ) | CASE No. 1:15-cv-1299 |
| v. | ) <br> ) | BKS/CFH |
| UNITED STATES, et al., | ) <br> ) | |
| 　　　　Defendants | ) | |

U.S. DISTRICT COURT
N.D. OF N.Y.
FILED

JAN 1 2 2016

LAWRENCE K. BAERMAN, CLERK
ALBANY

## MEMORANDUM OF LAW IN SUPPORT OF MOTION
## FOR INJUNCTIVE RELIEF

January 12, 2016

ROBERT L. SCHULZ, pro se
2458 Ridge Road
Queensbury, NY 12804
518-656-3578

# TABLE OF CONTENTS

|  | Page |
|---|---|
| RELIEF REQUESTED | 1 |
| REQUIREMENTS OF IRC Section 6700(a) | 1 |
| REQUIREMENTS OF IRC Section 6703(c) | 2 |
| INTRODUCTION: PROCEDURAL HISTORY | 2 |
| STANDARD OF REVIEW | 4 |
| IRREPARABLE HARM | 4 |
| PROBABILITY OF SUCCESS ON THE MERITS | 5 |
| BALANCE OF HARDSHIPS AND PUBLIC INTERESTS TIPS DECIDEDLY IN PLAINTIFF'S FAVOR | 6 |
| CONCLUSION | 6 |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ROBERT L. SCHULZ, <br> Plaintiff | ) <br> ) <br> ) | CASE No. 1:15-cv-1299 |
| v. | ) <br> ) <br> ) | BKS/CFH |
| UNITED STATES, et al., <br> Defendants | ) <br> ) <br> ) | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION
## FOR INJUNCTIVE RELIEF

Plaintiff Robert L. Schulz, who is pro-se, states as follows:

### RELIEF REQUESTED

Plaintiff moves this Honorable Court for an entry of an Order:

a) Staying the enforcement of the Notice of Penalty Charge by the Internal Revenue Service dated March 9, 2015, pending the determination of Plaintiff's liability for the penalty and any appeal therefrom, and

b) Directing the Internal Revenue Service to immediately remove the Federal Tax Lien that was placed on Plaintiff's property pursuant to said Notice of Penalty, and

c) Expediting the Court's determination of Plaintiff's liability for the Penalty, and

d) Granting any further relief that to the Court may seem just and proper.

### REQUIREMENTS OF IRC 6700(a)

Under IRC Section 6700(a), a financial penalty cannot be imposed on a person found to have promoted an abusive tax shelter in violation of Section 6700, <u>if the gross income derived (or to be derived) by the promoter from the forbidden activity was zero.</u>

1

## REQUIREMENTS OF IRC 6703(c)

On November 2, 2015, pursuant to IRC 6703(c), Plaintiff brought this suit to determine his liability for a penalty set forth in IRS's March 9, 2015 Notice of Penalty Charge. Plaintiff's suit was filed "within thirty days after the expiration of 6 months after the day on which he filed a claim for refund of a partial payment of a penalty imposed under IRC Section 6700."

Therefore, "no levy… shall be made, begun, or prosecuted until the final resolution of the proceeding" begun in district court. IRC 6703(c)

However, on November 24, 2015, Defendants, in error, began a levy/collection action against Plaintiff by placing a lien on Plaintiffs' real property. The lien is a beginning and part and parcel of an IRS collection/levy action against Plaintiff, prohibited by IRC 6703(c).

## INTRODUCTION: PROCEDURAL HISTORY

On March 5, 2015, Schulz received from IRS a "CP15, Notice of Penalty Charge," dated March 9, 2015, "for promoting an abusive tax shelter." The Notice assessed Schulz $225,000, $1,000 for each of 225 documents Schulz mailed to people in 2003 in his capacity as Chairman of We The People Foundation for Constitutional Education, Inc. A copy of the CP15 is annexed to the Affidavit of even date as Exhibit A.

The CP15 Notice read in part, "The penalty for activity described in IRC section 6700(a)(1) is the lesser of $1,000 or 100 percent of the gross income derived (or to be derived) from the activity." (emphasis added).

The Notice also read in part, "If you want to contest the IRC section 6700 penalty…within 30 days after the date of this Notice and Demand, pay an amount which is not less than 15 percent of the penalty and file a claim for refund on a Form 6118 for the amount you paid. You

2

may file suit in United States district court within 30 days after the date we deny your claim, or if earlier, within 30 days after the expiration of six months from the date you filed your claim...."

On April 3, 2015, Schulz mailed $1,000 to the IRS with a notice that a claim for refund was being filed with the IRS in Andover, Mass.

On April 6, 2015, Schulz's attorney, Samuel Lambert, mailed a letter to the IRS in Andover, enclosing:

- a completed Form 6118 (Claim for Refund of the $1,000),
- an attachment to Form 6118,
- a Form 2848 (Power of Attorney),
- a copy of the IRS Notice CP15, and
- an Affidavit of Robert L. Schulz with exhibits A-I.

See Exhibit B annexed to the Affidavit of even date.

On August 6, 2015, Schulz sent a letter to IRS in Andover, attaching another copy of all that was sent to Andover on April 6, 2015. Affidavit of even date at Exhibit C.

On November 2, 2015, in light of the statutory requirements of IRC Section 6703(c)(2) - that is, that if the IRS did not resolve Schulz's Form 6118 appeal in six months, Schulz had 30 days to file a case in District Court for a determination of his liability under 6700, or lose his protection against IRS's enforcement of the penalty, Schulz filed his original Complaint in this matter, which Complaint included an Attachment that contained a copy of Schulz's April 3, 2015 Affidavit and voluminous exhibits documenting the fact that he, personally, received no gross income from the We The People organization.(Dkt #1)

Said filing on November 2, 2015 was the fourth time Schulz had to provide those voluminous financial records to the government; they were also provided to the IRS:

- in 2006 during IRS's audit of the two organizations for 2003, and
- On April 6, 2015 as part of Schulz's Form 6118 appeal to IRS in Andover from IRS's March 2015 assessment, and

3

- On August 6, 2015, on the advice of IRS's Collection unit that Schulz resend his Form 6118 appeal to Andover due to the Collection unit's inability to find any evidence in Schulz's file that Andover had acknowledged receipt of and was working on the Form 6118 appeal.

On November 24, 2015, a Notice of Federal Tax Lien against Schulz was filed in the offices of the Clerk of Warren County, New York, the beginning of an enforcement proceeding to levy and collect the IRC 6700 tax assessed on March 9, 2015 in the amount of $224,000. Affidavit of even date at <u>Exhibit D</u>.

On December 30, 2015 Schulz received the property tax bill for his home, totaling $7,183.91. Affidavit of even date at <u>Exhibit E</u>.

## STANDARD OF REVIEW

In this circuit the standard for issuance of preliminary injunctive relief is well-settled. The movant has the burden of showing irreparable harm *and* (1) either probable success on the merits *or* (2) sufficiently serious questions going to the merits to make them a fair ground for litigation *plus* a balance of hardships tipping decidedly in the plaintiff's favor. *Kaplan v. Board of Education of the City School District of the City of New York*, 759 F.2d 256, 259 (2d Cir. 1985); *Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.*, 596 F.2d 70, 72 (2d Cir. 1979). The effect of the grant or withholding of such relief upon the public interest must also be considered. *Virginian Railway Co. v. System Federation*, 300 U.S. 515, 552, 81 L. Ed. 789, 57 S. Ct. 592 (1937); *Stamicarbon, N.V. v. American Cyanamid Co.*, 506 F.2d 532 (2d Cir. 1974).

### Irreparable Harm

Schulz is unable to pay his property tax and pay his household expenses due to the commencement of IRS's enforcement of its erroneous Notice of Penalty Charge, which commencement has included a federal tax lien on his property.

4

The IRS's collection activity is preventing Schulz from proceeding with the sale of a parcel of land that is part of his homestead.

Schulz and his wife, both 76 years of age, rely entirely on the sale of their land and their monthly social security payments (totaling less than $30,000 per year) for the money needed to pay their property taxes and meet their living and household expenses. They have no other source of income.

If the property tax is not paid by January 31, 2016 an irreparable penalty is added, and if not paid by February 28, 2016 an additional irreparable penalty is added, and if not paid by March 31, 2016 an additional irreparable penalty is added and the amount due is then added to the School tax due in September, 2016.

Schulz was in the final stages of closing on the sale of a 2.4 acre parcel for $20,000 before the IRS placed the tax lien on Schulz's property, preventing its sale.

Unless the stay is granted, the harm to Schulz will be irreparable: irreparable monetary penalties will continue to be added to his property tax bill which the lien prevents him from paying.

### Probability of Success on the Merits

Schulz has a very strong likelihood of success on the merits. The law is clearly on his side.

Under IRC Section 6700(a), a financial penalty cannot be imposed on a person found to have promoted an abusive tax shelter in violation of Section 6700, <u>if the gross income derived (or to be derived) by the promoter from the forbidden activity was zero.</u>

Schulz had no income from the activity prohibited by IRC Section 6700 and thus his tax liability is zero. See the Affidavit of even date at paragraphs 9, 11 and 13 which directs the Court to Schulz's Affidavit of April 4, 2015 and voluminous Exhibits A-I at (Dkt #1).

5

Section 6700 is aimed at penalizing persons who promote abusive tax shelters for their own enrichment; accordingly, it limits the penalty imposed to the lesser of $1,000 or "100 percent of the gross income derived (or to be derived) by such person from such activity." IRC Section 6700(a).

As demonstrated by the Affidavit by Schulz, dated April 3, 2015 and its exhibits (Dkt #1 and Dkt #8), 100% of Schulz's gross income from the activity prohibited by IRC Section 6700 was zero.

Therefore, the maximum penalty under 6700 is zero.

### Balance Of Hardships and Public Interests Tips Decidedly In Plaintiff's Favor

As demonstrated, the lien dated November 24, 2015, and any additional levy activity pursuant to IRS's Notice of Penalty Charge dated March 9, 2015 is now and will continue to cause irreparable harm to Plaintiff.

On the other hand, there would be no harm to the government should Plaintiff's application for temporary and preliminary injunctive relief be granted pending final determination of the merits of the amended complaint. In fact, if the stay were granted, enabling Plaintiff to sell his 2.4 acre parcel of land the government would receive the benefit of a capital gains tax.

The immediate harm to Plaintiff from the force of the lien as the beginning of a levy action is in fact far greater than any harm caused the Government if the injunction is granted.

The harm to Plaintiff without a stay is actual, imminent harm.

### CONCLUSION

The law is on Plaintiff's side: if the gross income accruing to Plaintiff from the prohibited activity is zero, the penalty must be zero. IRC Section 6700.

Therefore, the IRS's Notice of Penalty Charge dated March 9, 2015 was issued in error.

Therefore, any enforcement activity pursuant to the Notice of Penalty Charge, including the instant lien is in error and a stay is justified, to say nothing about the immediate and irreparable harm the Notice and its lien are causing Plaintiff.

Since the issue is anything but grave, and the balance of hardship substantially favors Plaintiff, the application for provisional relief should be granted.

Even if the Notice of Penalty Charge and lien were legal, which is not the case, the immediate harm to Plaintiff from enforcement of the Notice of Penalty Charge and the lien outweighs the any harm to defendants occasioned by a delay in enforcement of the Notice.

Plaintiff respectfully requests the entry of an Order:

    a) Staying the enforcement of the Notice of Penalty Charge by the Internal Revenue Service dated March 9, 2015, pending the determination of Plaintiff's liability for the penalty and any appeal therefrom, and

    b) Directing the Internal Revenue Service to immediately remove the Federal Tax Lien that was placed on Plaintiff's property pursuant to said Notice of Penalty, and

    c) Expediting the Court's determination of Plaintiff's liability for the Penalty, and

    d) Granting any further relief that to the Court may seem just and proper.

Respectfully submitted,

Dated: January 12, 2016

ROBERT L. SCHULZ, pro se
2458 Ridge Road
Queensbury, NY 12804
Phone: (518) 656-3578

7