```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
─────────────────────────────────x
                                 :
ROBERT L. SCHULZ,                :
                                 :
        Plaintiff,               :
                                 :
        v.                       :    No. 1:15-cv-01299 (BKS / CFH)
                                 :
UNITED STATES OF AMERICA,        :
                                 :
        Defendant.                :
─────────────────────────────────x
```

## UNITED STATES' ANSWER AND COUNTERCLAIM

The United States of America responds to plaintiff's Amended Complaint (Dkt. No. 8) as follows:

The United States denies the unnumbered introductory paragraphs on the first page of the complaint and further denies the relief Schulz purportedly seeks. The United States admits only that this purports to be an action pursuant to 26 U.S.C. § 6703(c)(2) for the refund of a portion of civil penalties assessed against Robert L. Schulz ("Schulz").

1. Paragraph 1 contains no allegations or assertions requiring a response. To the extent a response is deemed required, the United States admits only that Schulz purports to assert that the allegations in his complaint are made under penalty of perjury. The United States responds to those allegations as set forth below.

2. The United States admits only that Schulz was assessed $225,000 in civil promoter penalties under 26 U.S.C. § 6700. The remainder of the allegations contained in paragraph 2 include plaintiff's characterizations of his claims to which no response is required. To the extent a response is deemed required, the United States denies the remainder of the allegations contained in paragraph 2.

3. The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3.

4. The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4.

5. The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5.

6. The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6.

7. The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7.

8. The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8.

9. The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9.

10. The United States admits only that Schulz founded We The People Foundation for Constitutional Education, Inc. and We The People Congress, Inc.  Otherwise, the allegations of paragraph 10 are denied.

11. The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11.

12. The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12.

13. The United States admits only that, in 2003, as part of "Operation Stop Withholding," Schulz wrote to numerous government officials purportedly to advise them that he

would start instructing employers and employees to stop withholding and paying federal taxes. Otherwise, the allegations of paragraph 13 are denied.

14. The United States admits only that, in March of 2003, Schulz started marketing a tax-fraud scheme called the "Tax Termination Package," and that thousands of copies of the package which were placed in so-called "Blue Folders" were purchased by many of Schulz's customers. Otherwise, the allegations of paragraph 14 are denied.

15. The United States admits only that the IRS began an investigation of Schulz in 2003 pursuant to 26 U.S.C. § 6700, and that administrative summonses were issued in connection with that investigation. Otherwise, the allegations of paragraph 15 are denied.

16. The United States admits only that Schulz filed a lawsuit against the government, purportedly seeking to quash the summons issued to him. Otherwise, the allegations of paragraph 16 are denied.

17. The United States denies the allegations of paragraph 17.

18. The United States admits only that the Tax Exempt and Government Entities Division of IRS conducted an audit of We The People Foundation for Constitutional Education, Inc. and We The People Congress, Inc. to determine whether they were, in fact, legitimate tax-exempt organizations under 26 U.S.C. § 501(c)(3). Otherwise, the allegations of paragraph 18 are denied.

19. The United States admits only that it filed a civil injunction complaint against Schulz on April 2, 2007 seeking to enjoin him from continuing to engage in conduct subject to penalty under 26 U.S.C. § 6700. Otherwise, the allegations of paragraph 19 are denied.

20. The United States admits only that IRS Revenue Agent David Gordon sent Schulz a letter in November 2014. To the extent paragraph 20 contains Schulz's characterizations of that letter, the United States denies the allegations of paragraph 20.

21. The United States admits only that IRS Revenue Agent David Gordon spoke by phone to Schulz and Samuel Lambert on December 16, 2014 to discuss the proposed penalty. Otherwise, plaintiff's characterization of the conversation and the remainder of the allegations of paragraph 21 are denied.

22. The United States admits only that IRS Revenue Agent David Gordon and his manager spoke by phone with Schulz and Samuel Lambert on December 19, 2014 to discuss the proposed penalty and the procedure for disputing that penalty. Otherwise, plaintiff's characterization of the conversation and the remainder of the allegations of paragraph 22 are denied.

23. Paragraph 23 contains plaintiffs' characterizations of his claims and his legal position as to which no response is required. To the extent a response is deemed required, the United States denies the allegations of paragraph 23.

24. Paragraph 24 contains plaintiffs' characterizations of his claims and his legal position as to which no response is required. To the extent a response is deemed required, the United States denies the allegations of paragraph 24.

25. The United States admits that Exhibit A attached to the amended complaint is a copy of a CP15, Notice of Penalty Charge, issued by the Internal Revenue Service to Robert Schulz. To the extent paragraph 25 contains plaintiff's characterizations of Exhibit A, the United States denies the allegations of paragraph 25. The United States is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 25.

26. The United States admits paragraph 26 insofar as it accurately quotes from Exhibit A.

27. The United States admits paragraph 27 insofar as it accurately quotes from Exhibit A.

28. The United States admits only that the IRS received $1,000 from Schulz along with a purported notice of a claim for refund. The United States is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 28.

29. The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29.

30. The United States admits only that Exhibit D attached to the amended complaint is a copy of a notice CP503 from the IRS to Schulz. To the extent paragraph 30 contains plaintiff's characterizations of Exhibit D, the United States denies the allegations of paragraph 30. The United States is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 30.

31. The United States admits that Exhibit E attached to the amended complaint is a copy of a notice CP504 from the IRS to Schulz, and further admits paragraph 31 insofar as it accurately quotes from Exhibit E. The United States is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 31.

32. The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32.

33. The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33.

34. The United States admits only that Exhibit F attached to the amended complaint is a copy of a notice LT11 from the IRS to Schulz. To the extent paragraph 34 contains plaintiff's characterizations of Exhibit F, the United States denies the allegations of paragraph 34. The United States is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 34.

35. The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35.

36. The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36.

37. The United States admits only that Schulz purports to attach numerous exhibits to the amended complaint, but denies that those exhibits and their voluminous pages of attachments can be "made a part of this Amended Complaint" such that they have to be admitted or denied. *United States v. Erie Cty., NY*, 724 F. Supp. 2d 357, 367 (W.D.N.Y. 2010) ("a defendant is not required to admit or deny the content of an exhibit, as it must the pleading to which the exhibit is attached.") To the extent that a response is deemed required, the United States denies the allegations of paragraph 37 and the contents of any exhibits and attachments it purports to incorporate.

38. The United States admits that Exhibit H attached to the amended complaint purports to be a copy of a letter from the IRS to Schulz. The United States admits paragraph 38 insofar as it accurately quotes from Exhibit H. The United States is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 38.

39. The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39.

40. The United States admits only that, on November 2, 2015, Schulz filed his initial complaint in this case, and that the complaint purported to attach voluminous exhibits. (*See* Dkt. No. 1.) Otherwise, the allegations of paragraph 40 are denied.

41. The United States denies the allegations of paragraph 41.

42. The United States admits only that Schulz purports to attach numerous exhibits and attachments to the amended complaint, but denies that those exhibits and their voluminous pages of attachments can be "made a part of this Amended Complaint" such that they have to be admitted or denied. *United States v. Erie Cty., NY*, 724 F. Supp. 2d 357, 367 (W.D.N.Y. 2010) ("a defendant is not required to admit or deny the content of an exhibit, as it must the pleading to which the exhibit is attached.") To the extent that a response is deemed required, the United States denies the allegations of paragraph 42 and the contents of any exhibits and attachments it purports to incorporate.

43. The United States admits the allegations of paragraph 43.

44. The United States admits only that Exhibit J attached to the amended complaint purports to be a copy of a letter from the IRS to Schulz. To the extent paragraph 44 contains plaintiff's characterizations of Exhibit J, the United States denies the allegations of paragraph 44.

45. The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45.

46. The United States admits only that Exhibit K attached to the amended complaint purports to be a copy of a letter from the IRS to Schulz. To the extent paragraph 46 contains plaintiff's characterizations of Exhibit K, the United States denies the allegations of paragraph 46.

47. The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47.

48. The United States admits that Exhibit L attached to the amended complaint purports to be a copy of an IRS Notice of Federal Tax Lien pertaining to the assessment of § 6700 penalties against Schulz. The United States admits paragraph 48 insofar as it accurately quotes from Exhibit L. The United States is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 48.

49. The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49.

50. The United States admits only that Schulz spoke by phone to Mr. Mullarkey at the Department of Justice on or about December 23, 2015, and that Schulz was told that Mr. Seador was assigned to this case. The United States is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 50.

51. The United States admits the allegations of paragraph 51.

52. The United States admits the allegations of paragraph 52, except that it was the Court's Rule 16 (not a Rule 19) conference that the parties were discussing.

53. The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53.

54. The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54.

55. The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55.

56. The United States admits only the first sentence of paragraph 56. The United States denies the second sentence of paragraph 56.

57. The United States admits the allegations of paragraph 57.

58. The United States admits the allegations of paragraph 58.

59. The United States admits that this Court has jurisdiction pursuant to 26 U.S.C. § 6703(c). The United States admits paragraph 59 insofar as it accurately quotes from 26 U.S.C. § 6703(c).

60. The United States admits only that the IRS received a $1,000 payment from Schulz along with a request for refund. Otherwise, the allegations of paragraph 60 are denied.

61. The United States denies the allegations in paragraph 61.

62. The United States admits paragraph 62 insofar as it accurately quotes from 26 U.S.C. § 6700.

63. The United States denies the allegations in paragraph 63.

64. The United States denies the allegations in paragraph 64.

65. The United States denies the allegations in paragraph 65.

66. The United States admits the allegations of paragraph 66 insofar as they accurately quote the law. Otherwise, the allegations of paragraph 66 are denied.

67. The United States denies the allegations in paragraph 67.

64. The United States denies the allegations in paragraph 64.[1]

65. The United States denies the allegations in paragraph 65.

66. The United States denies the allegations in paragraph 66.

67. The United States denies the allegations in paragraph 67.

68. The United States denies the allegations in paragraph 68.

69. The United States denies the allegations in paragraph 69.

70. The United States denies the allegations in paragraph 70.

71. The Court already has dismissed "Count C" from Schulz's complaint. (*See* Dkt. No. 25.) Accordingly, no response from the United States is required. To the extent a response is required, the United States denies paragraph 71.

72. The United States denies the allegations in paragraph 72.

WHEREFORE, the United States requests that the Court grant judgment as follows:

(A) That judgment be entered against the plaintiff, and denying the relief sought in the Complaint and dismissing this action with prejudice;

(B) That the United States be awarded its costs and fees incurred, together with such other and further relief as this Court deems just and proper.

//

//

//

---

[1] After paragraph 67 of the complaint, in what should be paragraph 68, the paragraph numbering reverts back to the number 64. (Dkt. No. 8 at p. 16.) So as to avoid confusion, the paragraph numbers in the United States' answer track the actual paragraph numbers used in the amended complaint.

## COUNTERCLAIM AGAINST ROBERT L. SCHULZ

### JURISDICTION AND VENUE

1.  The Court has jurisdiction over this counterclaim pursuant to Federal Rule of Civil Procedure 13, 28 U.S.C. §§ 1340 and 1345, and 26 U.S.C. §§ 7401 and 7402, as this is a counterclaim brought by the United States and arises under an act of Congress providing for internal revenue.

2.  Venue is proper pursuant to 28 U.S.C. §§ 1391(b) and 1396, and Robert L. Schulz ("Schulz") is subject to the jurisdiction of this Court.

3.  This claim has been requested by the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, and commenced at the direction of a delegate of the Attorney General, pursuant to Federal Rule of Civil Procedure 13 and 26 U.S.C. § 7401.

### NATURE OF THE ACTION

4.  This counterclaim seeks to reduce to judgment penalties assessed under 26 U.S.C. § 6700 against Schulz for his participation in the organization, promotion and sale of the so-called "Tax Termination Package" in 2003, which falsely and fraudulently claimed to enable participants who followed its instructions to stop paying federal employment and income taxes.

### ACTIVITIES RELATING TO THE IMPOSITION OF PENALTIES UNDER 26 U.S.C. § 6700

**A. Schulz's Distribution and Sale of His "Tax Termination Package" in 2003**

5.  In 2003, Schulz and his entities "We the People Foundation for Constitutional Education, Inc." and "We the People Congress, Inc." (collectively referred to as "We the People"), promoted, marketed, distributed and sold a nationwide tax-fraud scheme designed to

help customers evade their federal tax liabilities and to interfere with the administration of the internal revenue laws.

6. At all times relevant to this counterclaim, We the People was operated, controlled and managed solely by Schulz, and the address for We the People was Schulz's home address.

7. Any activity undertaken by We the People was commenced at the direction, and under the supervision and control, of Schulz.

8. Schulz and We the People marketed a tax-fraud scheme called the "Tax Termination Package" as part of what Schulz called "Operation Stop Withholding."

9. Schulz promoted this abusive scheme via seminars held throughout the United States and by selling videotapes, pamphlets and his so-called "Tax Termination Packages" (which were contained in "Blue Folders") to his customers.

10. Schulz's promotion encouraged taxpayers to, among other things, not withhold federal income taxes from their salaries and wages.

11. Schulz's Tax Termination Package was a "how-to" method for evading payment of federal employment taxes by using false and misleading forms in place of IRS Forms W-2, W-4, and 1099 in order to "terminate payment [of] all federal and states taxes."

12. Schulz, through We the People and his websites, www.givemeliberty.org, www.wethepeoplecongress.org and www.wethepeoplefoundation.org, promoted, marketed, distributed and/or sold thousands of Tax Termination Packages.

13. In 2003, unless a membership was purchased, the above-described websites did not allow access to Schulz's seminar schedule where he promoted his Tax Termination Package.

14. Schulz's and We the People's websites invited visitors to make a donation to Schulz's organizations via credit card to PayPal or by mailing the donation directly to We the People, which was Schulz's home address.

15. Schulz's and We the People's website also contained an on-line store where products could be purchased through PayPal.

16. One of the products that was offered for sale over the websites was the "Tax Termination Package." The product was described as "Bob Schulz, Chairman of the We The People Foundation, stopped paying income taxes and filing returns. These are the materials he sent to the IRS. Make sure to get a copy for your personal records."

17. In conjunction with his Tax Termination Package, Schulz also sold videotaped testimonials touting the benefits of his Tax Termination Package to customers.

18. The videotapes were testimonials of customers and/or "members" of his organization, as well as testimonials from Schulz boasting that they had "de-taxed" themselves and removed themselves from the federal income tax system.

19. Schulz's Tax Termination Package was a tax-fraud scheme that was based on several false premises, including that the federal income tax system is voluntary, that the 16th Amendment to the U.S. Constitution was not properly ratified, and that the federal income tax does not apply to wages.

20. The arguments made by Schulz as set forth in paragraph 19 above have been repeatedly rejected by federal courts as legally frivolous.

21. Schulz and/or We the People received more than $225,000 in gross income from the promotion of the above-identified tax-fraud scheme in 2003.

### B.  The 2007 Civil Injunction Case

22.   In April 2007, the United States filed a civil injunction complaint against Schulz and We the People, seeking to bar them from promoting the abusive tax shelter referred to above in paragraphs 5 through 21. *United States v. Schulz, et al.,* Case No. 1:07-cv-0352 (N.D.N.Y.) (Dkt. No. 1) ("*Schulz I*").

23.   In *Schulz I*, the United States alleged that the marketing, distribution and sale of the Tax Termination Package violated 26 U.S.C. § 6700 because it contained materially false and/or fraudulent statements with respect to tax benefits.

24.   In *Schulz I*, the United States requested that the court enter an injunction permanently barring Schulz and We the People from promoting their tax-fraud scheme.

### C.  The Court Held that Schulz Engaged In § 6700 Penalty Conduct

25.   In August 2007, in *Schulz I*, the court entered judgment in favor of the United States and found that Schulz and his organizations engaged in penalty conduct in violation 26 U.S.C. § 6700 by promoting an illegal tax shelter. *United States v. Schulz*, 529 F. Supp. 2d 341, 357-58 (N.D.N.Y. 2007).

26.   Specifically, in *Schulz I*, the court found that Schulz and We the People's Tax Termination Package contained information that purported to enable individuals to stop paying federal employment and income taxes. *Id*. at 345-48.

27.   In *Schulz I*, the court also found that the Tax Termination Package contained numerous statements concerning tax benefits that Schulz and We the People knew or had reason to know were false or fraudulent as to a material matter, and that an injunction was necessary to prevent recurrence of the conduct. *Id*. at 348-52.

28.     Schulz's false statements included that: (1) domestic income is not taxable; (2) the filing of a tax return is voluntary; (3) the 16th Amendment was not properly ratified and, therefore, the income tax is unconstitutional; (4) once the government has been properly notified and termination of withholding has been procedurally put into effect, the employer has no further reporting requirements under U.S. law; (5) the IRS is prohibited by the Fourth and Fifth Amendments from compelling people to sign and file income tax returns; and (6) taxpayers have the right to retain their money until their grievances are redressed (remedied). *Schulz I, id* at 349.

29.     The court in *Schulz I* also found that "[t]he evidence [] demonstrates that Defendants used the materials to solicit donations to the organizations and to encourage people to join their organization for a fee." *Id* at 348 n.3.

30.     In *Schulz I*, the court entered a permanent injunction barring Schulz and his organizations from, among other things, distributing materials purporting to enable individuals to stop paying federal employment and income taxes. *Id*. at 357-58.

31.      In addition, in *Schulz I*, the court ordered Schulz and We the People to provide the United States with a list of the persons and entities who were provided the Tax Termination Package. Schulz ultimately produced a list of 225 names.

32.     The U.S. Court of Appeals for the Second Circuit affirmed the decision of the district court in *Schulz I*. *United States v. Schulz*, 517 F.3d 606, 607 (2d Cir. 2008).

**ASSESSMENT OF I.R.C. § 6700 PENALTIES FOR
THE PROMOTION OF AN ABUSIVE TAX SHELTER**

33.     On March 9, 2015, a delegate of the Secretary of the Treasury assessed a penalty of $225,000 against Schulz under to 26 U.S.C. § 6700 for making and furnishing false statements about tax benefits in the "Tax Termination Package" in connection with Schulz's role in

organizing the arrangement in tax year 2003, of which there remains unpaid a total of $224,000, plus interest and statutory additions.

34.     The I.R.C. § 6700 penalty assessment described in paragraph 33 of this counterclaim above was based upon Schulz's activities, described in detail above, in connection with the Tax Termination Package, which falsely and fraudulently claimed to enable participants to stop paying federal employment and income taxes.

35.     Notice and demand for payment of the assessment referred to above was sent to Schulz on or about the date of the assessment.

## COUNT I: VIOLATION OF § 6700

36.     The United States incorporates by reference the allegations contained in paragraphs 1 through 35 of this counterclaim.

37.     Any person who organizes or assists with the organization of a plan or arrangement, or who participates (directly or indirectly) in the sale of a plan or arrangement, and in so doing makes a statement with respect to the allowability of any deduction or credit, the excludability of any income, or the securing of any other tax benefit by participating in the plan or arrangement which that person knows or has reason to know is false and/or fraudulent as to any material matter is subject to a penalty under I.R.C. § 6700.

38.     Schulz organized or assisted with the organization of a plan or arrangement, and/or participated (directly or indirectly) in the sale of a plan or arrangement, including We the People and the Tax Termination Package.

39.     Schulz knowingly made false and fraudulent claims, or claims that he should have known to be false and fraudulent, in the "Tax Termination Package" documents as described above.

40. Schulz knew or should have known that these statements were false or fraudulent as to a material matter.

41. In *Schulz I*, the court already found that all of the above elements were met and that Schulz engaged in conduct subject to penalty under 26 U.S.C. § 6700. *United States v. Schulz*, 529 F. Supp. 2d 341, 357-58 (N.D.N.Y. 2007).

42. Schulz is collaterally estopped from re-litigating the *Schulz I* court's decision discussed above and is legally bound by the ruling that he engaged in penalty conduct by virtue of his distribution of the Tax Termination Package.

43. By reason of the foregoing, Schulz is liable to the United States for the unpaid balance of the assessment described in paragraph 33 of this counterclaim, in the amount of $224,000 plus interest.

WHEREFORE, the United States requests that the Court grant judgment on its counterclaim against Robert L. Schulz as follows:

(A)     That judgment be entered in favor of the United States in the amount of $224,000, plus interest and all statutory additions allowed by law; and

(B)     That the United States be awarded its costs and fees, together with such other further relief as this Court deems just and proper.

//
//
//
//
//
//

- 18 -

Dated:   May 20, 2016	Respectfully submitted,

	CAROLINE D. CIRAOLO
	Acting Assistant Attorney General
	Tax Division


	/s/ Gregory S. Seador             .
	GREGORY S. SEADOR
	Trial Attorney, Tax Division
	U.S. Department of Justice
	Post Office Box 7238
	Washington, D.C. 20044
	Telephone: (202) 307-2182
	Facsimile: (202) 514-6770
	gregory.s.seador@usdoj.gov

	*Attorneys for United States of America*