U.S. DISTRICT COURT
N.D. OF N.Y.
FILED

SEP 1 9 2016

LAWRENCE K. BAERMAN, CLERK
ALBANY

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ROBERT L. SCHULZ | ) | |
| | ) | No. 15-cv-1299 |
| Plaintiff, | ) | BKS-CFH |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES, et al. | ) | |
| | ) | |
| Defendants | ) | |

## PLAINTIFF'S OBJECTIONS TO AND APPEAL FROM MAGISTRATE'S DISCOVERY ORDER

Pursuant to FRCivP 72(a), Plaintiff Robert L. Schulz ("Schulz") makes the following objections to the Magistrate's non-dispositive Text Order entered on September 2, 2016 on the ground that it is erroneous and contrary to law.

## OVERVIEW OF THE COMPLAINT AND RELIEF SOUGHT

Plaintiff's Amended Complaint, filed on January 4, 2016, asserts that under 26 U.S.C. Section 6700(a) a financial penalty cannot be imposed on Schulz if the gross income derived (or to be derived) by Schulz from any activity described in 6700(a) is zero and/or if that activity is protected by the First and Ninth Amendments to the Constitution for the United States of America. (Dkt 8).

Plaintiff seeks a declaration that his liability for a penalty under 6700(a) is zero. Schulz also seeks a refund.

## THE DISCOVERY ORDER

1

On September 2, 2016, the Hon. Christian F. Hummel, Magistrate Judge, entered a non-dispositive order (Dkt 65) that reads:

> TEXT ORDER granting [62] Letter Request/Motion to extend time to respond. Plaintiff's time to respond to the Interrogatories and First Request for Interrogatories without objections is extended until September 19, 2016. There will be no further extensions of this deadline. SO ORDERED. Authorized by Magistrate Judge Christian F. Hummel on 9/2/16. (tab) (Plaintiff served a copy of this text order via regular mail on 9/2/2016).

The TEXT ORDER was mailed to Schulz on September 6, 2016 (not on September 2nd as indicated) and it was received by Schulz on September 9, 2016. (see mailing envelope and Text Order at Exhibit A annexed hereto).

## OBJECTION

With respect, the Magistrate Judge's Order is erroneous to the extent that in granting Schulz's letter motion, Judge Hummel misstated Schulz's letter motion as a motion to extend time "to respond to the Interrogatories and First Request for Interrogatories *without objections* until September 19, 2016." (emphasis added by Schulz).

In fact, Schulz's August 25, 2016 letter motion (Dkt 62) was a motion to extend time "to respond to Defendant's First Request for Production of Documents and Defendant's First Set of Interrogatories, *with my objections*, if any, by September 19, 2016."

A copy of Schulz's letter motion (Dkt 62) is annexed hereto as Exhibit B.[1] A copy of Defendant's response (Dkt 64) and Schulz's reply (Dkt 66) are annexed hereto at Exhibit C.

---

[1] The Court's attention is invited to the fact that Schulz's letter motion was filed as a direct consequence of Defendant's August 23, 2016 letter alleging Schulz had waived his right to object to Defendant's requests for documents and interrogatories.

2

While the first error (substitution of "Interrogatories" for "Production of Documents") could be overlooked as clearly an insignificant clerical error, misconstruing Schulz's motion as a motion for time to respond to Defendant's requests for documents and interrogatories *without exception* was a far more significant error of substantial legal consequence.

Schulz respectfully requests an order declaring his right on legal and equitable grounds to object (in part or in whole) to any of Defendant's twelve document requests and/or to any of Defendant's five interrogatories.

Schulz respectfully invites the Court's attention to the fact that he has been working diligently and in good faith to comply with Defendant's requests for documents and interrogatories. This objection is the result of Schulz's assiduous attention to those requests and the full realization of what is being requested; it is not the result of any desire to delay and does not rise to the level of frivolity.

Some of the information Defendant is requesting is personal, private and/or wholly unrelated to the subject of the 2007 injunction and the 2008 assessment (the distribution of the Blue Folder).

Schulz has the right to object, when necessary, in defense of his fundamental right to privacy and due process of law.

In addition, Schulz believes he would be negligent and irresponsible if he did not argue here, as he has previously argued, Defendant has failed to show a factual basis or at least a strong likelihood of a factual basis for a defense against Schulz's claim that the penalty assessed against Schulz should be zero because he derived no income from the Conduct at issue.

The United States cannot look wholly to discovery to make its defense. There must be a showing of a factual basis, or at least a strong likelihood of one as a condition for permitting it to

3

go forward. See *The Elements of Case Management: A Pocket Guide for Judges, Second Edition by William W. Schwarzer and Alan Hirsch, Federal Judicial Center, 2006.*

"A party resisting summary judgment on the ground that it needs discovery in order to defeat the motion must submit an affidavit showing (1) what facts are sought [to resist the motion] and how they are to be obtained, (2) how those facts are *reasonably* expected to create a genuine issue of material fact, (3) what effort affiant has made to obtain them, and (4) why the affiant was unsuccessful in those efforts." *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 303 (2d Cir. 2003) (internal quotations and citation omitted). (Emphasis by Schulz).

The United States has not submitted any affidavit or declaration that complies with the four-part test of *Miller*.

At best, the United States has submitted a Declaration in opposition to summary judgment that merely meets the first part of the four part test. (Seador Declaration, dated Jan 25, 2016, Dkt 18-1, paragraph 10).

The Seador Declaration shows only what facts will be sought and how they might be obtained (Part 1 of the *Miller* test) (e.g., whether there was any income derived from the Activity based on depositions and interrogatories targeting Schulz, WTP's accounting firm - Dievendorf & Co., WTP's and Schulz's Banks, PayPal and WTP's independent contractors).

However, the Seador Declaration fails to meet the last three parts of the four-part *Miller* test.

For instance, Defendant fails to show how the facts obtained from its depositions and interrogatories are *reasonably* expected to create a genuine issue of material fact (Part 2 of the *Miller* test). This is significant, especially considering the content of the United States' request for documents and interrogatories.  "The mere existence of factual issues where those issues are not

4

material to the claims before the court will not suffice to defeat a motion for summary judgment." *Eastway Constr. Corp. v. New York*, 762 F.2d 243, 249 (2d Cir. 1985).

In addition, the Seador Declaration fails to mention the multiple efforts the United States has already made to obtain the facts it seeks (Part 3 of the *Miller* test), and why the United States was unsuccessful in those efforts (Part 4 of the *Miller* test).

In fact, as the Record shows, the United States' has undertaken numerous efforts to obtain proof that Schulz derived income from the Activity (Part 3 of the *Miller* test) and, as the Record shows, the United States was not successful in its efforts to obtain such proof simply because there is no such proof to be obtained.

The United States has no acceptable answer for not showing that since 2003 the United States has repeatedly tried to obtain a fact(s) showing Schulz derived gross income from the Activity (Part 3 of the *Miller* test), only to find Schulz did not derive any gross income from the activity (Part 4 of the *Miller* test).

In the United States' Declaration in opposition to Schulz initial motion for summary judgment, Mr. Seador argued the motion was premature because "The United States had not even answered the Complaint...the parties had not held a Rule 26(f) conference, submitted a Rule 26(f) report to the Court or even exchanged initial disclosures." (Seador Declaration, dated Jan 25, 2016, Dkt 18-1, paragraph 12).

As of today, however, the United States has answered the Complaint, the Rule 26(f) conference has been held, the Rule 26(f) Case Management Plan has been filed, the Rule 19 Conference has been held, the Rule 26(a) Initial Disclosures have been exchanged and the United States has presented Schulz with its "FIRST REQUEST FOR PRODUCTION OF DOCUMENTS" and "FIRST SET OF INTERROGATORIES."

Through it all, the United States has yet to offer a scintilla of evidence that Schulz has derived income from the Activity as the United States relies wholly on discovery for its defense and claims.

At the very least, Schulz is entitled to the protection of the Court as a matter of law.

Finally, in closing, Schulz advises the Court, that as a demonstration of his good faith he is willing to deliver to the Court in Albany on forty-eight hours notice, there to be kept under seal by the Court until the Court's determination of this Objection, the documents and interrogatories requested by Defendant.

## CONCLUSION

For the reasons presented above, Plaintiff Schulz respectfully requests an order:

a. declaring that he may object in part or in whole to any of Defendant United States' initial requests for documents and/or interrogatories; and

b. directing Plaintiff Schulz to respond to Defendant United States' initial request for request for documents and interrogatories within seven days of service upon him of the order; and

c. for such other and further relief as the Court may deem just.


Dated: September 19, 2016

ROBERT L. SCHULZ
2458 Ridge Road
Queensbury, NY 12804

6

# EXHIBIT A

CLERK, U.S. DISTRICT COURT
JAMES T. FOLEY U.S. COURTHOUSE
445 BROADWAY – ROOM 509
ALBANY, NEW YORK 12207-2936

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE, $300

Hasler
09/06/2016
US POSTAGE $00.46⁵·

FIRST-CLASS MAIL

Rec'd 9/9/16

Robert L. Schulz
2458 Ridge Rd.
Queensbury, NY 12804

i 2804-594358

**Orders on Motions**
1:15-cv-01299-BKS-CFH Schulz
v. United States et al

CASE-LIST-DJ,MOTREF,PRO
SE

# U.S. District Court

## Northern District of New York - Main Office (Syracuse) [LIVE - Version 6.1.1]

**Notice of Electronic Filing**

The following transaction was entered on 9/2/2016 at 2:31 PM EDT and filed on 9/2/2016
**Case Name:**        Schulz v. United States et al
**Case Number:**      1:15-cv-01299-BKS-CFH
**Filer:**
**Document Number:** 65(No document attached)

**Docket Text:**
**TEXT ORDER granting [62] Letter Request/Motion to extend time to respond. Plaintiff's
time to respond to the Interrogatories and First Request for Interrogatories without
objections is extended until September 19, 2016. There will be no further extensions of
this deadline. SO ORDERED. Authorized by Magistrate Judge Christian F. Hummel on
9/2/16. (tab){Plaintiff served a copy of this text order via regular mail on 9/2/2016}**


**1:15-cv-01299-BKS-CFH Notice has been electronically mailed to:**

Gregory S. Seador    gregory.s.seador@usdoj.gov, central.taxcivil@usdoj.gov,
charles.m.flesch@usdoj.gov

**1:15-cv-01299-BKS-CFH Notice has been delivered by other means to:**

Robert L. Schulz
2458 Ridge Road
Queensbury, NY 12804

# EXHIBIT B

Robert L. Schulz
2458 Ridge Road
Queensbury, NY 12804

August 25, 2016

**U.S. DISTRICT COURT**
**N.D. OF N.Y.**
**ORIGINAL FILED**

**AUG 2 5 2016**

**LAWRENCE K. BAERMAN, CLERK**
**ALBANY**

Hon. Christian F. Hummel
Magistrate Judge
U.S. District Court
James T. Foley Courthouse
445 Broadway
Albany, NY 12207

Re: Schulz v. United States. Case No. 1:07-cv-1299 (BKS-CFH)

Dear Judge Hummel:

I respectfully request permission to respond to Defendant's First Request for Production of Documents and Defendant's First Set of Interrogatories, with my objections, if any, by September 19, 2016.

On July 8, 2016, Defendant served me with its rather exhaustive and comprehensive request for said Documents and Interrogatories, requesting my response by August 10, 2016. See copy at Exhibit A hereto.

Due to the intense demand on my time to prepare the steady stream of documents that I needed to file with the Court from June 30, 2016 (the date of the Court's Scheduling Order) through this past Monday, August 22, 2016 (Docket at 36, 39, 40, 41, 43, 45, 50-53, 56, 58, 60 and 61), I was not able to analyze or otherwise turn my attention to Defendant's requests until August 24, 2016.

However, yesterday, counsel for the United States served me with a letter stating that because I had failed to timely respond or object to the discovery requests I had waived any objections that I might otherwise have made in response to his requests. See copy at Exhibit B hereto.

My request is unavoidable, not based on any nefarious desire on my part. Counsel's requests go to documents that are thirteen years old and not easily obtainable. I have no one I can turn to for assistance in this matter. The IRS's lien on my property has prevented me from selling additional parcels of my homestead – my only source of income besides social security. I am without benefit of learned counsel due to the lien. I live alone with my wife, who has been diagnosed with moderate cognitive impairment and I alone must care for our homestead.

Thank you for your consideration of this request.

Respectfully submitted,

Robert L. Schulz
(518) 656-3578


Cc:     Greg Seador
        CTS, Central Region
        Tax Division, Dept. of Justice
        P.O. Box 7248
        Ben Franklin Station, Washington D.C. 20044.
        Direct Line 202-307-2182

        Richard S. Hartunian
        U.S. Attorney for N.D.N.Y.
        U.S. Courthouse
        445 Broadway
        Albany, NY

# EXHIBIT A



**U.S. Department of Justice**

**Tax Division**

*Trial Attorney: Gregory S. Seador*
*Attorney's Direct Line: 202-307-2182*
*Fax No. 202-514-6770*
*Gregory.S.Seador@usdoj.gov*

*Please reply to:*   *Civil Trial Section, Central Region*
*P.O. Box 7238*
*Washington, D.C. 20044*

CDC:RSC:GSSeador
DJ 5-50-6050
CMN 2016100216

July 8, 2016

Via FedEx
Robert L. Schulz
2458 Ridge Road
Queensbury, NY 12804

    Re: *Schulz v. United States, et al.*
      Case No. 1:15-cv-01299-BKS-CFH (N.D.N.Y.)

Dear Mr. Schulz:

  Enclosed please find the following: (1) the United States' First Request for Production of Documents; and (2) the United States' First Set of Interrogatories.

           Sincerely yours,

           GREGORY S. SEADOR
           Trial Attorney
           Civil Trial Section, Central Region

Enclosures

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
——————————————————————x
                                        :
ROBERT L. SCHULZ,                       :
                                        :
        *Plaintiff,*                    :
                                        :
        *v.*                            :    <u>No.</u> 1:15-cv-01299 (BKS / CFH)
                                        :
UNITED STATES OF AMERICA,               :
                                        :
        *Defendant.*                    :
——————————————————————x

## <u>UNITED STATES' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS</u>

Pursuant to Fed. R. Civ. P. 34, the United States requests that Defendant Robert L. Schulz produce the documents identified below. Documents responsive to these requests may be produced in person at the United States Attorney's Office, 445 Broadway, Room 218, Albany, NY 12207-2924, on August 10, 2016, at 11:00 AM. The United States requests that in lieu of personally providing the materials at the U.S. Attorney's Office in Albany, NY, that Schulz send the documents by overnight delivery to Gregory S. Seador, 555 4th St. NW, Room 8921, Washington, DC 20001.

Written responses to these document requests are required to be served on undersigned counsel under Fed. R. Civ. P. 34 within 33 days (*i.e.*, by August 10, 2016).

### Definitions and Instructions

1.    "You" or "Your" refers to Robert L. Schulz.

2.    "We the People" refers to We the People Foundation for Constitutional Education, Inc. and We the People Congress, Inc. and/or any officers, agents, servants,

employees, and/or any attorney, agent or representative acting on its behalf or authorized to act on its behalf.

3.    "The Blue Folder" refers to the folder and its contents purportedly titled "Legal Termination of Tax Withholding For Companies, Workers and Independent Contractors" and often referred to as the "Tax Termination Package."

4.    "Document" means document or electronically stored information, within the meaning of Rule 34(a)(1) of the Federal Rules of Civil Procedure.

5.    All requests, instructions, and definitions pertain to documents within your actual or constructive possession, custody, or control.  These requests include any documents that you have the right to obtain from a third party upon demand, or which otherwise may be secured from any other source (including attorneys, accountants, or other agents or fiduciaries) for the purpose of fully responding to these requests.

6.    Unless otherwise noted in a specific request, these requests seek all responsive information concerning, generated, and/or acquired during the time period from January 1, 2003 to December 31, 2003.

## REQUESTS FOR PRODUCTION

1.    All contracts or agreements between You and any third party or between We the People and any third party, including but not limited to, contracts or agreements for any service provided to You or We the People in connection with its work or mission, including but not limited to efforts to Petition for Redress of Grievances and/or sell, distribute, promote or market the Blue Folder and related materials.

- 2 -

2.     Any documents concerning the bank, financial and credit card accounts identified in response to Interrogatory No. 2 in the United States' First Set of Interrogatories, including but not limited to all statements of account, certificates of deposit, check registers and canceled checks.

3.     Any documents showing the items or services offered for sale or for a "donation" by You and/or We the People and/or through the websites: www.givemeliberty.org, www.wethepeoplecongress.org and www.wethepeoplefoundation.org, including any books and records showing the amount and quantity of goods or services purchased and/or for which "donations" were received, as well as the amount of funds or "donations" received.

4.     Any documents showing the flow of money into and out of the We the People organizations and Your personal financial accounts, including but not limited to general ledgers, vouchers, invoices or other accounting and/or reconciliation documents and any QuickBooks files or Quicken files.

5.     From 2003 to the present, any documents showing how You satisfy your personal financial obligations, including but not limited to monthly expenses for utilities, food and healthcare, including documents showing the source of the funds used to satisfy these obligations.

- 3 -

6. Any documents or communications, including e-mails, letters, text messages, social media messages, electronic messages, and other correspondence, concerning the payment of any funds or "donations" to You or We the People.

7. From November 2015 to the present, any documents or communications, including e-mails, letters, text messages, social media messages, electronic messages, and other correspondence, addressing or discussing the allegations contained in Your Amended Complaint and/or the United States' Answer and Counterclaim, including but not limited to communications between you and anyone with whom you are consulting.

8. All records and documentation concerning salaries, fees, commissions, bonuses, loans and/or any other remuneration that You and/or We the People paid to Yourself, employees, independent contractors or any other third party.

9. All documents produced by any third-party in connection with this civil penalty refund action.

10. All documents that support Your allegation (set forth in Your "Second Cause of Action" in your Amended Complaint) that "distribution of the Withholding Petition in 2003 [], falls within the zone of interests protected by the First and Ninth Amendments to the Constitution for the United States of America."

11.    All documents identified in Your response to the interrogatories served upon you by the United States.

12.    All documents identified in Your Rule 26(a)(1) initial disclosures, including but not limited to the income vouchers for We the People and your personal bank statements.

Dated:   July 8, 2016

CAROLINE D. CIRAOLO
Acting Assistant Attorney General
Tax Division

/s/ Gregory S. Seador              .
GREGORY S. SEADOR
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 7238
Washington, D.C. 20044
Telephone: (202) 307-2182
Facsimile: (202) 514-6770
gregory.s.seador@usdoj.gov

*Attorneys for United States of America*

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of July, 2016, I sent a copy of the foregoing document via FedEx, postage pre-paid, to the following:

Robert L. Schulz
2458 Ridge Road
Queensbury, NY 12804
bob@givemeliberty.org

*Pro Se*

/s/ Gregory S. Seador                .
GREGORY S. SEADOR
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 7238
Washington, D.C. 20044
Telephone: (202) 307-2182
Facsimile: (202) 514-6770
gregory.s.seador@usdoj.gov

*Attorney for United States of America*

- 6 -

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
————————————————————————x
                                                                :
ROBERT L. SCHULZ,                                               :
                                                                :
       *Plaintiff,*                                              :
                                                                :
       *v.*                                                     :       No. 1:15-cv-01299 (BKS / CFH)
                                                                :
UNITED STATES OF AMERICA,                                       :
                                                                :
       *Defendant.*                                             :
————————————————————————x

## UNITED STATES' FIRST SET OF INTERROGATORIES

     Pursuant to Fed. R. Civ. P. 33, the United States requests that Defendant Robert L.

Schulz answer the following interrogatories under oath and serve responses on the United States

within 33 days (*i.e.*, by August 10, 2016). Your response may be served on undersigned counsel

by regular mail, by email at gregory.s.seador@usdoj.gov, or by overnight delivery to Gregory S.

Seador, 555 4th St. NW, Room 8921, Washington, DC 20001.

### Definitions and Instructions

    1.    "You" or "Your" refers to Robert L. Schulz.

    2.    "We the People" refers to We the People Foundation for Constitutional

Education, Inc. and We the People Congress, Inc. and/or any officers, agents, servants,

employees, and/or any attorney, agent or representative acting on its behalf or authorized to act

on its behalf.

    3.    "The Blue Folder" refers to the folder and its contents purportedly titled "Legal

Termination of Tax Withholding For Companies, Workers and Independent Contractors" and

often referred to as the "Tax Termination Package."

- 1 -

4.      Unless otherwise noted in a specific request, these interrogatories seek all responsive information concerning, generated, and/or obtained during the time period from January 1, 2003 to December 31, 2003.

5.      To the extent you are unable to answer any interrogatory in full, answer any such interrogatory to the extent possible and state the reason for your inability to answer in full.

## INTERROGATORIES

1.      Identify all persons or entities that you employed and/or with whom you worked, contracted, consulted, advised, or retained in connection with any aspect of Your and/or We the People's work or mission, including but not limited to efforts to Petition for Redress of Grievances and/or sell, distribute, promote or market the Blue Folder and related materials. Include the individuals' contact information, position(s), duties or responsibilities and dates of employment or affiliation.

RESPONSE:

2.      Identify all bank, financial and credit card accounts used by You and/or We the People, including but not limited to all personal accounts and all accounts into which "donations" and/or fees or any other remuneration You or We the People received were

- 2 -

deposited. Include the name(s) of the account holder(s), the name of the financial institution, the date the account was opened (and closed, if applicable), and the account number(s).

RESPONSE:

3.     List every item or service offered for sale or for a "donation" by You and/or We the People and/or through the websites: www.givemeliberty.org, www.wethepeoplecongress.org and www.wethepeoplefoundation.org, including the name of the item or service and how much of a "donation" or payment was required to purchase or otherwise obtain it.

RESPONSE:

4.     List every seminar, conference, forum or meeting that you hosted and/or attended in your individual capacity and/or on behalf of or for We the People, including the date and location of each seminar, conference, forum or meeting.

RESPONSE:

5.    Describe the amount, type, and reason for all compensation, salary, advances, income, loans or other funds or money that You and We the People received from any source. Identify any documents concerning the foregoing.

RESPONSE:

## VERIFICATION

I declare under penalty of perjury that the foregoing answers to the United States' First Set of Interrogatories are true and correct.

Executed this ___ day of August, 2016, in Queensbury, NY.

_____

ROBERT L. SCHULZ

//

//

//

//

//

//

//

//

-4-

Dated:   July 8, 2016                                 CAROLINE D. CIRAOLO
                                                      Acting Assistant Attorney General
                                                      Tax Division

                                                      /s/ Gregory S. Seador              .
                                                      GREGORY S. SEADOR
                                                      Trial Attorney, Tax Division
                                                      U.S. Department of Justice
                                                      Post Office Box 7238
                                                      Washington, D.C. 20044
                                                      Telephone: (202) 307-2182
                                                      Facsimile: (202) 514-6770
                                                      gregory.s.seador@usdoj.gov

                                                      *Attorneys for United States of America*

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of July, 2016, I sent a copy of the foregoing

document via FedEx, postage pre-paid, to the following:

Robert L. Schulz
2458 Ridge Road
Queensbury, NY 12804
bob@givemeliberty.org

*Pro Se*

/s/ Gregory S. Seador          .
GREGORY S. SEADOR
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 7238
Washington, D.C. 20044
Telephone: (202) 307-2182
Facsimile: (202) 514-6770
gregory.s.seador@usdoj.gov

*Attorney for United States of America*

# EXHIBIT B



**U.S. Department of Justice**

**Tax Division**

*Trial Attorney:  Gregory S. Seador*
*Attorney's Direct Line:  202-307-2182*
*Fax No. 202-514-6770*
*Gregory.S.Seador@usdoj.gov*

*Please reply to:*     *Civil Trial Section, Central Region*
*P.O. Box 7238*
*Washington, D.C. 20044*

CDC:RSC:GSSeador
DJ 5-50-6050
CMN 2016100216

August 23, 2016

VIA FEDEX
Robert L. Schulz
2458 Ridge Road
Queensbury, NY 12804

　　　　　Re:　*Schulz v. United States, et al.*
　　　　　　　Case No. 1:15-cv-01299-BKS-CFH (N.D.N.Y.)

Dear Mr. Schulz:

　　　　I write regarding the United States' First Request for Production of Documents and the United States' First Set of Interrogatories dated July 8, 2016.  A response to these requests was due on August 10, 2016.  As of the date of this letter, no response, objections, or production of documents have been received.

　　　　As you know, the Court denied your motion to stay discovery in this case and held that the United States "has the right to conduct discovery including discovery on the issue of what income plaintiff may have derived, if any, from his tax shelter."  (Text Order dated 8/11/2016, Dkt. No. 54.)  Because you have failed to timely respond or object to the United States' discovery requests, you have waived any objections that you might otherwise have made in response to our requests.  *See e.g., Cohalan v. Genie Indus., Inc.*, 276 F.R.D. 161, 163 (S.D.N.Y. 2011) ("A failure to respond or object to a discovery request in a timely manner waives any objection which may have been available"); *Horace Mann Ins. Co. v. Nationwide Mut. Ins. Co.*, 238 F.R.D. 536, 538 (D. Conn. 2006) (holding that all of plaintiff's objections were waived in light of the untimeliness of plaintiff's objections).

　　　　Please serve your responses to the United States' document requests and interrogatories – without objections – within seven days of the date of this letter to avoid us having to bring this to the attention of the court.

　　　　　　　　　　　　　　　Sincerely yours,

　　　　　　　　　　　　　　　GREGORY S. SEADOR
　　　　　　　　　　　　　　　Trial Attorney
　　　　　　　　　　　　　　　Civil Trial Section, Central Region

# EXHIBIT C



**U.S. Department of Justice**

**Tax Division**

*Trial Attorney: Gregory S. Seador*          *Please reply to:*    *Civil Trial Section, Central Region*
*Attorney's Direct Line:  202-307-2182*                                       *P.O. Box 7238*
*Fax No. 202-514-6770*                                                        *Washington, D.C. 20044*
*Gregory.S.Seador@usdoj.gov*

CDC:RSC:GSSeador
DJ 5-50-6050
CMN 2016100216

September 2, 2016

**By ECF**

Hon. Christian F. Hummel
Magistrate Judge
James T. Foley Courthouse
445 Broadway
Albany, NY 12207

        Re:    *Schulz v. United States*
                Case No. 1:15-cv-01299-BKS-CFH

Dear Judge Hummel:

      I am the Department of Justice Trial Attorney assigned to represent the United States in the above-referenced case.  I write in response to plaintiff Robert L. Schulz's ("Schulz") letter-motion requesting an extension of time to respond, with objections, to the United States' discovery requests.  For the reasons set forth below, the United States opposes Schulz's motion.

**Factual Background**

      On June 29, 2016, Your Honor held a Rule 16 conference in this case (*see* Text Minute Entry dated 6/29/2016), and subsequently entered a Uniform Pretrial Scheduling Order setting a November 30, 2016 deadline for the completion of discovery. (Dkt. No. 34.)  A December 30, 2016 deadline also was set for all motions. (*Id.*)  These deadlines comported with what the parties had requested in the jointly filed civil case management plan. (*See* Dkt. No. 33 at p.1.)

      On July 8, 2016, the United States served its First Request for Production of Documents and its First Set of Interrogatories on Schulz.  The United States' discovery requests consist of five interrogatories and twelve document requests seeking information about the gross income derived from the promotion of Schulz's tax shelter, including, among other things, information about Schulz's and his organization's financial accounts, information concerning the income from the sale of the tax shelter and information about the flow of money between Schulz and his organizations.  Schulz has attached a copy of the United States' discovery requests to his letter-motion. (*See* Dkt. No. 62 pp. 5-14.)  Consistent with requirements of Federal Rules of Civil Procedure 33 and 34, the United States requested a response from Schulz to its discovery requests by August 10, 2016.

On July 27, 2016, Schulz filed a letter-motion asking the Court to stay all discovery in this case. (Dkt. No. 43.) The United States opposed Schulz's motion. (Dkt. No. 49.) The Court denied Schulz's motion to stay discovery and ordered that the United States "has the right to conduct discovery including discovery on the issue of what income plaintiff may have derived, if any, from his tax shelter." (Text Order dated 8/11/2016, Dkt. No. 54.)

On August 23, 2016, having received no response from Schulz to the United States' discovery requests, undersigned counsel sent a letter to Schulz to inform him that it is the government's position that he has waived any objections to the United States' discovery requests. (Dkt. No. 62, p. 16.) The letter sought a response from Schulz to the discovery requests, *without* objections, within seven days. (*Id.*)

On August 25, 2016, Schulz filed the instant letter-motion seeking an extension of time to respond, *with* objections, to the United States' discovery requests.

## Schulz's Request for an Extension of Time to Respond With Objections Should Be Denied

The Court should deny Schulz's motion for an extension of time to respond to the United States' discovery requests *with* objections because Schulz has waived any objection(s) he otherwise might have had. Federal Rules of Civil Procedure 33(b)(2) and 34(b)(2) require a response to interrogatories and document requests within 30 days. Here, the expiration of that period – August 10, 2016 – was clearly spelled out on the first page of the United States' interrogatories and document requests, which were served on Schulz on July 8th. (*See* Dkt. No. 62, pp. 5, 10.) Schulz obviously was aware of the impending deadline on July 26, 2016 when he filed his motion to stay discovery. Yet, he did not request an extension of time to answer the discovery requests or serve any responses or objections to the United States' discovery requests before the time period to respond had expired. Under these circumstances, Schulz has waived any objections to these requests. Indeed, "there is consistent authority that a failure to serve timely responses to interrogatories and document requests serves as a waiver of objections." *Senat v. City of New York*, 255 F.R.D. 338, 339 (E.D.N.Y. 2009) (collecting cases). *See also Cohalan v. Genie Indus., Inc.*, 276 F.R.D. 161, 163 (S.D.N.Y. 2011) ("A failure to respond or object to a discovery request in a timely manner waives any objection which may have been available.") (citations omitted); *Land Ocean Logistics, Inc. v. Aqua Gulf Corp.*, 181 F.R.D. 229, 236-37 (W.D.N.Y. 1998) (same); *Scott v. Arex, Inc.*, 124 F.R.D. 39, 41-42 (D. Conn. 1989) (same).

If Schulz needed more time to respond to the five interrogatories and twelve document requests that were served on him, he should have requested an extension before the expiration of the deadline to respond. Instead, he simply chose to ignore the deadline altogether. The Court should not countenance Schulz's violation of the Federal Rules here. *See Horace Mann Ins. Co. v. Nationwide Mut. Ins. Co.*, 238 F.R.D. 536, 538 (D. Conn. 2006) (holding that late objections to discovery requests were waived and noting that "[i]f plaintiff needed more time to respond to the discovery requests it should have either contacted the defendant to obtain its consent to an extension or, if defendant was unwilling to acquiesce, apply to the court to for an extension of time to reply.").

- 3 -

Additionally, Schulz has failed to show good cause for his failure to respond. That Schulz is a *pro se* litigant and was too busy with other filings in this case is no excuse and does not amount to good cause. *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) ("*pro se* status 'does not exempt a party from compliance with relevant rules of procedural and substantive law'") (citation omitted); *Brunson v. Duffy*, 14 F. Supp. 3d 287, 291 (S.D.N.Y. 2014) ("the liberal treatment afforded to *pro se* litigants does not exempt a *pro se* party from compliance with relevant rules of procedural and substantive law") (internal quotations omitted); *Self v. LaValley*, 2013 WL 1294448, *3 (N.D.N.Y. 2013) ("[t]he special solicitude afforded to *pro se* civil rights litigants does not give them license to violate the Federal Rules of Civil Procedure, local rules of practice of the district courts in which their cases are pending, and Scheduling Orders issued by district court judges presiding over their cases in order to manage their dockets").[1]

//

//

//

//

//

//

//

//

//

//

//

---

[1] Moreover, Schulz apparently is not a typical, unskilled *pro se* party in any event. According to the website for one of Schulz's organizations, Schulz "has performed the research, prepared the briefs and argued cases in the highest state and federal courts. At least one hundred fourteen (114) decisions have been rendered in cases he has brought against unconstitutional and illegal governmental behavior, often with other citizen-plaintiffs." *See* http://www.givemeliberty.org/features/taxes/bobschulzbio.htm (last accessed on September 1, 2016). And, Schulz has previously been warned by District Judge Sannes that he "must comply" with the Local Rules of Practice. (*See* Order dated 5/6/2016, p. 13, n. 9, Dkt. No. 25.)

- 4 -

For these reasons, the United States respectfully requests that the Court deny Schulz's letter-motion seeking an extension of time to respond *with* objections to the United States' discovery requests. Instead, the Court should order Schulz to respond to the interrogatories and documents requests *without* objections.[2]

Respectfully submitted,

/s/ Gregory S. Seador

GREGORY S. SEADOR
Trial Attorney
Civil Trial Section, Central Region

cc:   Robert L. Schulz
       2458 Ridge Road
       Queensbury, NY 12804
       *Pro se*

---

[2] If the Court nevertheless grants Schulz's request for an extension of time to respond to the interrogatories and document requests to September 19, the United States respectfully requests that the discovery period in this case be extended by 30 days to December 30, 2016. Schulz's delay in answering the discovery requests and in producing documents here is, in turn, delaying the anticipated depositions in this case. *See Nutramax Labs., Inc. v. Twin Labs. Inc.*, 183 F.R.D. 458, 461 (D. Md. 1998) ("Recognizing the importance of documents in conducting effective deposition discovery, counsel frequently postpone, as was done in this case, deposition discovery until document production has taken place."). Schulz's conduct here is hampering the United States' ability to complete its discovery within the original time period set in the Uniform Pretrial Scheduling Order. *See Warren v. United States*, 2011 WL 3608189, *2 (D. Md. 2011) (noting that the failure to timely respond to discovery requests "can have a spiraling effect on the future scheduling of discovery").

U.S. DISTRICT COURT
N.D. OF N.Y.
**RECEIVED**

SEP 0 2 2016

LAWRENCE K. BAERMAN, CLERK
ALBANY

Robert L. Schulz
2458 Ridge Road
Queensbury, NY 12804

September 2, 2016

Hon. Christian F. Hummel
Magistrate Judge
U.S. District Court
James T. Foley Courthouse
445 Broadway
Albany, NY 12207

Re: *Schulz v. United States*, Case No. 1:07-cv-1299 (BKS-CFH)

Dear Judge Hummel:

I am the Plaintiff ("Schulz") in the matter referenced above. I respectfully request the Court accept this reply to Defendant's ("United States") response to my letter-motion requesting an extension of time to respond, with objections, to the United States' discovery requests.

### Factual Background

On June 30, 2016, Your Honor entered a Uniform Pretrial Scheduling Order directing Schulz to file his motions for summary judgment and re-litigation of *Schulz I*, and directing the United States to file its motion for partial summary judgment, all by July 22, 2016. The Scheduling Order directed responses to be filed by August 5, 2016 and replies to be filed by August 12, 2016. (Dkt #34). With the granting of extension requests it was not until August 22, 2016 that the parties completed their filings relative to these three motions. The three motions are pending.

On July 6, 2016, Schulz filed a motion for partial removal of the lien the IRS has placed on his property, thereby enabling *pro se* Schulz to raise the money needed to obtain the services of counsel to assist Schulz in this matter. (Dkt #36). The motion is pending.

On July 8, 2016, the United States served Schulz with its First Request for the Production of Documents and First Set of Interrogatories, requesting Schulz's response by August 10, 2016.

On July 27, 2016, finding it humanly impossible to comply with both the Court's Scheduling Order regarding the motions and the United States' discovery requests, Schulz filed a letter motion to stay discovery (not deny discovery) pending a determination of the motions. By

1

attaching copies of the United States' request for documents and interrogatories, Schulz's motion was, in effect, a motion to for an extension of time to respond to the requests. (Dkt #43).

On August 11, 2016, the day after the return date for Schulz's response to United States' request for documents and interrogatories, the Court, apparently mistaking Schulz's motion as a motion to deny discovery, denied Schulz's motion for a stay of discovery on the ground that the United States, "has the right to conduct discovery ...." (Dkt # 54).

On August 22, 2016, the parties completed their filings relative to their motions for summary judgment, re-litigation and partial summary judgment. (Dkt #60, 61).

On August 23, 2016, Schulz was finally able to turn his attention to his response to the United States' requests for documents and interrogatories.

However, on August 23, 2016, the Unites States sent an overnight letter to Schulz declaring Schulz had waived his right to object to the requests and demanding Schulz produce the documents and answer the interrogatories by August 30, 2016.

On August 25, 2016, Schulz filed a letter-motion requesting an extension in time to respond to the United States' request with objections, if any. Schulz attached a copy of the United States' August 23rd letter.

On August 25, 2016, the Court directed the United States to respond to the motion by September 2, 2016. (Dkt #63)

On September 2, 2016, the United States filed its response. (Dkt #64).

### Schulz's Request for Additional Time to Respond With Objections Should be Granted

Contrary to the assertion by the United States (Deft's letter page 2), Schulz did, in fact, "request an extension of time to answer the discovery requests or serve any responses or objections to the United States' discovery requests before the time period to respond had expired."

Schulz's July 27, 2016 letter motion to stay discovery, which included a copy of the United States' discovery request and demand for a response by August 10, 2016 (Dkt #43), was, in fact, a timely request for such an extension.

On August 11, 2016, one day after the return date for Schulz's response to United States' discovery requests, and apparently interpreting Schulz's motion for a stay of the United States' discovery request as a motion to deny discovery, the Court denied the Schulz's motion on the ground that the United States, "has the right to conduct discovery ...." (Dkt # 54).

Contrary to the assertion by the United States (Deft's letter page 2), Schulz did not, "simply [choose] to ignore the deadline altogether."

Contrary to the assertion by the United States (Deft's letter page 3), Schulz did not fail to "show good cause for his failure to respond." Schulz's letter motion (DKT #43) and his reply (Dkt # 51) to United States' response showed good cause, including the fact that Schulz is unable to afford learned counsel due to financial hardship caused by the lien on his property, that the discovery requests relate to documents that are thirteen years old, that Schulz is wholly without assistance in this matter, that Schulz lives alone with his 77 year old wife who suffers from dementia and that Schulz alone must care for his wife and homestead.

Contrary to the suggestion by the United States (Deft's letter, fn 1,page 3), Schulz has absolutely no experience with discovery; Schulz has no experience beyond the filing of declaratory judgment actions against various local, state and federal officials and agencies.

For these reasons, Schulz respectfully requests that the Court grant Schulz's letter-motion seeking an extension in time to respond with objections to the United States' discovery requests.

Respectfully submitted,

_____

Robert L. Schulz, *pro se*

Cc:   Gregory Seador
       CTS, Central Region
       Tax Division, Dept. of Justice
       P.O. Box 7248
       Ben Franklin Station, Washington D.C. 20044.
       Direct Line 202-307-2182

U.S. DISTRICT COURT
N.D. OF N.Y.
FILED

SEP 1 9 2016

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

LAWRENCE K. BAERMAN, CLERK
ALBANY

ROBERT L. SCHULZ,                          )
                    Plaintiff              )         CASE No. 1:15-cv-1299
            v.                             )              BKS/CFH
                                           )
UNITED STATES; INTERNAL REVENUE            )
SERVICE, 1111 Constitution Ave. NW,        )
 Washington, D.C. 20220, John Koskinen,    )
Commissioner;                              )
                    Defendants             )

---

## AFFIDAVIT OF SERVICE

---

ROBERT L. SCHULZ being duly sworn, deposes and says:

1. I am a party to the matter captioned above.

2. On September 19, 2016, I mailed a true copy of the annexed Objection to Greg Seador,

   CTS, Central Region, Tax Division, Dept. of Justice, P.O. Box 7248, Ben Franklin

   Station, Washington D.C. 20044.

3. On September 19, at *5:30* PM I handed a true copy of said documents to:

   *AM HND WMAMS*, of the office of Richard Hartunian, the United States Attorney for the

   Northern District of New York at the U.S. Courthouse, 445 Broadway, Albany, NY.


                                        ROBERT L. SCHULZ
                                          2458 Ridge Road
                                        Queensbury, NY 12804

Sworn to before me
this 19th day of September, 2016

Notary

LUCINDA FRENCH
Notary Public, State of New York
Warren Co. #04FR6256016
Commission Expires Feb. 21, 2020