UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ROBERT L. SCHULZ,

                                        Plaintiff,

v.                                                              1:15-cv-01299 (BKS/CFH)


UNITED STATES OF AMERICA,

                                        Defendant.
_____

APPEARANCES:

Plaintiff Pro Se
Robert L. Schultz
Queensbury, NY 12804

For the United States:
Gregory S. Seador
U.S. Department of Justice - Tax Division
Ben Franklin Station
P.O. Box 7238
Washington, DC 20044

**Hon. Brenda K. Sannes, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### INTRODUCTION

Plaintiff pro se Robert Schulz appeals a Text Order (Dkt. No. 65) issued by United States

Magistrate Judge Christian F. Hummel on September 2, 2016, which granted Schulz's request

for additional time to respond to Defendant United States' discovery demands (Dkt. No. 62) and

stated: "Plaintiff's time to respond to the Interrogatories and First Request for Interrogatories

*without objections* is extended until September 19, 2016.  There will be no further extensions of

this deadline."  (Dkt. No. 68) (emphasis added).  The United States opposes Schulz's appeal.

(Dkt. No. 69).  On September 26, 2016, Schulz requested permission to file a reply, which included a memorandum and affidavit in support of his appeal.  (Dkt. No. 70).  Schulz has also filed a letter in further support of his appeal.  (Dkt. No. 77).  For the following reasons, Magistrate Judge Hummel's September 2, 2016 Text Order is affirmed.

## PROCEDURAL HISTORY

On November 2, 2015, Schulz filed a Complaint against the United States, the Internal Revenue Service ("IRS"), and John Koskinen as Commissioner, under 26 U.S.C. § 6703(c)(2), alleging that he received an erroneous tax assessment penalty from the IRS in the amount of $225,000 related to his promotion of an abusive tax shelter.  (Dkt. No. 1).  On January 4, 2016, Schulz filed an Amended Complaint, further alleging that the IRS filed a notice of federal tax lien against his property for the $224,000 unpaid balance of the assessment.  (Dkt. No. 8).  On January 4, 2016, Schulz also moved for a preliminary injunction to stay the enforcement of the tax assessment penalty and remove the federal tax lien (Dkt. Nos. 9, 13), which the Court denied in a Memorandum-Decision & Order dated February 11, 2016.  (Dkt. No. 23).  The United States made a partial motion to dismiss, which Schulz opposed while also cross-moving for summary judgment.  (Dkt. Nos. 11, 16).  On April 12, 2016, Schulz filed an Order to Show Cause, again seeking the removal of the federal tax lien.  (Dkt. No. 24).  On May 6, 2016, the Court granted the United States' partial motion to dismiss, denied Schulz's cross-motion for summary judgment, and denied the Order to Show Cause.  (Dkt. No. 25).  The parties filed additional motions for summary judgment on July 22, 2016.  (Dkt. Nos. 38, 39).  On July 27, 2016, Schulz requested "a stay of all discovery proceedings pending a determination of the motions presently before the Court."  (Dkt. No. 43).  The Court denied Schulz's request with a Text Order stating

2

that "Defendant has the right to conduct discovery including discovery on the issue of what income plaintiff may have derived, if any, from his tax shelter." (Dkt. No. 54).[1]

## DISCUSSION

The Court's review of a non-dispositive discovery order is limited to determining whether the order is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). "Under this highly deferential standard, magistrate judges are 'afforded broad discretion in resolving discovery disputes, and reversal is appropriate only if that discretion is abused.'" *Storms v. United States*, No. 13 Civ. 0811, 2014 WL 3547016, at *4, 2014 U.S. Dist. LEXIS 96665, at *15 (E.D.N.Y. July 16, 2014) (citation omitted). Here, Schulz appeals Magistrate Judge Hummel's September 2, 2016 Text Order on the basis that it is erroneous and contrary to law because Schulz had requested additional time to respond to the United States' discovery demands, *with objections*. (Dkt. No. 68).

In Schulz's application for additional time, he requested "permission to respond to Defendant's First Request for Production of Documents and Defendant's First Set of Interrogatories, with my objections, if any, by September 19, 2016." (Dkt. No. 62, p. 1). Schulz stated that he had been served with the discovery demands on July 8, 2016, which requested responses by August 10, 2016, but he had not been able to "analyze or otherwise turn my attention to Defendant's requests until August 24, 2016." (*Id.*). Schulz further explained that he had received a letter from defense counsel "stating that because I had failed to timely respond or object to the discovery requests I had waived any objections that I might otherwise have made to his requests." (*Id.*). The United States opposed Schulz's request, arguing that "[t]he Court

---

[1] On June 30, 2016, Magistrate Hummel entered a Scheduling Order setting a November 30, 2016 deadline for the completion of discovery. (Dkt. No. 34). The deadline was subsequently moved to March 1, 2017. (Dkt. No. 74).

3

should deny Schulz's motion for an extension of time to respond to the United States' discovery requests *with* objections because Schulz has waived any objection(s) he otherwise might have had." (Dkt. No. 64, p. 2). Further, the United States argued that "Schulz has failed to show good cause for his failure to respond." (*Id.*, p. 3). The United States expressly requested that "the Court should order Schulz to respond to the interrogatories and documents requests *without* objections." (*Id.*, p. 4).

After careful review of the record, the Court finds that Magistrate Judge Hummel's Text Order directing Schulz to respond to the United States' discovery demands without objections was not clearly erroneous. Although Schulz requested additional time to respond to the discovery demands with objections, the United States opposed that request and specifically requested that the Court order Schulz to respond without objections. Thus, the issue of objections was squarely before Magistrate Judge Hummel, and Schulz's contention that Magistrate Judge Hummel mistakenly misconstrued his motion is meritless. (*See* Dkt. No. 68, p. 3; Dkt. No. 70-1, p. 4).

Nor was Magistrate Judge Hummel's Text Order contrary to law. Rules 33 and 34 of the Federal Rules of Civil Procedure require a response to interrogatories and document requests within thirty days. Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A). It is undisputed that Schulz did not respond to the United States' discovery demands within thirty days; they were served on July 8, 2016 (Dkt. No. 62, pp. 5-9), and still have not been responded to. Schulz now contends that responding without objections "would breech [sic] my right to privacy, property and due process." (Dkt. No. 77, p. 2). However, "there is consistent authority that failure to serve timely responses to interrogatories and document requests serves as a waiver of

objections."  *Senat v. City of New York*, 255 F.R.D. 338, 339 (E.D.N.Y. 2009) (collecting cases); *see also Cohalan v. Genie Indus., Inc.*, 276 F.R.D. 161, 163 (S.D.N.Y. 2011); *Land Ocean Logistics, Inc. v. Aqua Gulf Corp.*, 181 F.R.D. 229, 237 (W.D.N.Y. 1998).  Moreover, there must be a showing of good cause to excuse the failure to raise a timely objection and avoid waiver.  *See* Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity.  Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."); *Melendez v. Falls*, No. 06 Civ. 6198, 2010 WL 811337, at *4, 2010 U.S. Dist. LEXIS 18856, at *11 (W.D.N.Y. Mar. 3, 2010) ("A party's failure to respond to discovery demands within the required time frame may, however, be excused by the Court for good cause.") (citation omitted).  Here, Schulz stated in cursory fashion that he had been too busy on other aspects of this case to turn his attention to the United States' discovery demands.  (Dkt. No. 62).  Finding this to be an insufficient showing of good cause was not contrary to law.  *See Horace Mann Ins. Co. v. Nationwide Mut. Ins. Co.*, 238 F.R.D. 536, 538 (D. Conn. 2006) (finding that the plaintiff had not shown good cause to excuse untimely objections based on the explanation that it "needed additional time to review its documents to ensure it accurately responded to Defendant's requests," where the plaintiff neither asked the defendant for additional time to respond or applied to the court for an extension).

In sum, the Court finds that Magistrate Judge Hummel's Text Order was neither clearly erroneous nor contrary to law, and that it was well within his discretion to order Schulz to respond to the United States' discovery demands without objections.

## CONCLUSION

For these reasons, it is hereby

5

**ORDERED** that Schulz's letter motion requesting permission to file a reply memorandum of law and affidavit in support of his appeal (Dkt. No. 70) is **GRANTED**; and it is further

**ORDERED** that the September 2, 2016 Text Order (Dkt. No. 65) is **AFFIRMED** and Schulz's Appeal (Dkt. No. 68) is **DENIED.**

**IT IS SO ORDERED.**

November 9, 2016
Syracuse, New York

Brenda K. Sannes
U.S. District Judge

6