UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ROBERT L. SCHULZ,

                                   **Plaintiff,**

v.                                                                                          1:15-cv-01299 (BKS/CFH)

UNITED STATES OF AMERICA,

                                   **Defendant.**
_____

**APPEARANCES:**

Plaintiff Pro Se
Robert L. Schultz
Queensbury, NY 12804

For the United States:
Michael Richard Pahl
U.S. Department of Justice - Tax Division
Ben Franklin Station
P.O. Box 7238
Washington, DC 20044

**Hon. Brenda K. Sannes, United States District Judge:**

### MEMORANDUM-DECISION AND ORDER

### INTRODUCTION

      Plaintiff pro se Robert Schulz appeals a Text Order (Dkt. No. 120) issued by United States Magistrate Judge Christian F. Hummel on June 21, 2017, which granted in part and denied in part Plaintiff's request for the issuance of subpoenas (Dkt. No. 112) and stated in relevant part: "The Court grants permission to issue subpoenas for David Gordon, Dorothy Nelson and Michael Sciame, denying the issuance of subpoena as to Lois Lerner." (Dkt. No. 124).

The United States opposes Schulz's appeal. (Dkt. No. 131). On July 21, 2017, Schulz requested permission to file a reply (Dkt. No. 133), which the Court granted (Dkt. No. 134), and Schulz replied on August 14, 2017 (Dkt. No. 144). For the following reasons, Magistrate Judge Hummel's June 21, 2017 Text Order is affirmed.

## PROCEDURAL HISTORY[1]

On November 2, 2015, Schulz filed a Complaint against the United States, the Internal Revenue Service ("IRS"), and John Koskinen as Commissioner, under 26 U.S.C. § 6703(c)(2), alleging that he received an erroneous tax assessment penalty from the IRS in the amount of $225,000 related to his promotion of an abusive tax shelter. (Dkt. No. 1). On January 4, 2016, Schulz filed an Amended Complaint, further alleging that the IRS filed a notice of federal tax lien against his property for the $224,000 unpaid balance of the assessment. (Dkt. No. 8). The only issue remaining in this case is whether Schulz owes a penalty for the abusive tax shelter based on the amount of income, if any, he derived from it. (*See* Dkt. No. 88).

On June 12, 2017, Schulz filed a request for the issuance of subpoenas as to four witnesses: Michael Sciame, David Gordon, Dorothy Nelson, and Lois Lerner. (Dkt. No. 112). The United States opposed Schulz's request for a subpoena as to Lerner, the former director of the Tax Exempt Organizations Unit of the IRS, on the basis that "she is a former high-ranking IRS official with no personal knowledge of the gross income that Schulz earned from his tax-fraud scheme." (Dkt. No. 115, p. 2). The United States argued that Schulz failed to demonstrate any exceptional circumstances to justify the deposition of a high-ranking government official. (*Id.*). The United States further indicated that the information Schulz sought "can [be] obtained

---

[1] The Court assumes familiarity with the full history detailed in Dkt. Nos. 23, 25, 88.

through other, less burdensome or intrusive means, namely, the depositions of the three other IRS agents named above." (*Id.*, p. 3).

Schulz filed a letter in response, arguing among other things that "Lois Lerner had decision making authority for many years—including those which are central to this instant case—concern WTP[2] and my work. She is the signer of a critical document that was not handled properly by the IRS, according to its own rules and regulations." (Dkt. No. 117, p. 1). Further, Schulz stated his belief that Lerner "was directly involved with strategies and decisions concerning WTP and Bob Schulz." (*Id.*). On June 19, 2017, Magistrate Judge Hummel held a hearing regarding various discovery matters (Dkt. No. 119), and on June 21, 2017, granted permission to issue subpoenas for Gordon, Nelson, and Sciame, but denied the issuance of a subpoena for Lerner. (Dkt. No. 120). Schulz was also permitted to file a motion to compel discovery by July 7, 2017. (*Id.*). Schulz filed the instant appeal on July 5, 2017, and then on July 7, 2017, he filed a motion to compel discovery. (Dkt. No. 126). That motion did not address the issue of deposing Lerner.

## DISCUSSION

Schulz appeals the portion of Magistrate Judge Hummel's June 21, 2017 Text Order denying Schulz's request for the issuance of a subpoena as to Lois Lerner. (Dkt. No. 124, p. 1). Schulz asserts that he informed Magistrate Judge Hummel at the June 19, 2017 discovery hearing that "there was significant and substantial circumstantial evidence demonstrating that Lerner was part of a politically motivated set-up of Schulz and his organizations and that Lerner was directly involved in enforcement actions against Schulz and his organizations, including but

---

[2] WTP refers to Schulz's "We The People" organizations. (*See* Dkt. No. 25, pp. 2-3).

3

not limited to her Exempt Organization Division's lengthy and detailed audit of the organizational and financial activities of the organizations." (*Id.*, pp. 1-2). "Schulz argued his evidence included a principal document that was signed by Lerner during the audit." (*Id.*, p. 2). Schulz further states that "Lerner, Sciame and Gordon were all directly involved in managing the enforcement actions against Schulz between 2003 and 2008," and that he "needs to depose all three, as any one of the three would have knowledge about Schulz's earning from the activity, or lack thereof, not possessed by any of the other two deponents." (*Id.*).

In response, the United States argues that Schulz's appeal should be denied because Magistrate Judge Hummel "has not issued a final determination of a non-dispositive matter under Local Rule 72.1." (Dkt. No. 131, p. 5). Local Rule 72.1 provides that any party "may file objections to a Magistrate Judge's determination of a non-dispositive matter." N.D.N.Y. L.R. 72.1(b). Essentially, the United States contends that since Schulz did not file a motion to compel the deposition of Lerner, Magistrate Judge Hummel's decision to deny a subpoena for Lerner does not constitute a *final* determination of a non-dispositive matter, and therefore, Schulz cannot appeal under Local Rule 72.1(b). (Dkt. No. 131, pp. 6-7). At the discovery hearing, Magistrate Judge Hummel explained the court's decision as follows:

> There's no indication on the record before this Court that Ms. Lerner has any knowledge, information or anything remotely relevant to the issues which remain in this litigation. The only issue in this litigation is the amount of what gross -- what amount if any gross income . . . did Mr. Schulz derive from the tax scheme or plan and there's no indication that Ms. Lerner has any knowledge with respect to those issues. And as such, Mr. Schulz's request for a subpoena to be issued to depose Ms. Lerner is denied.

(*See* Transcript of Discovery Hearing held on June 19, 2017, at pp. 19-20).  The court also discussed a potential motion by Schulz to compel additional information, and the June 21, 2017 Text Order permitted Schulz to file a motion to compel discovery.  (Dkt. No. 120).

Assuming without deciding that Magistrate Judge Hummel's decision to deny a subpoena for Lerner does constitute a final determination of a non-dispositive matter, the Court's review of a non-dispositive discovery order is limited to determining whether the order is "clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).  "Under this highly deferential standard, magistrate judges are 'afforded broad discretion in resolving discovery disputes, and reversal is appropriate only if that discretion is abused.'"  *Storms v. United States*, No. 13 Civ. 0811, 2014 WL 3547016, at *4, 2014 U.S. Dist. LEXIS 96665, at *15 (E.D.N.Y. July 16, 2014) (citation omitted).

After careful review of the record, the Court finds that Magistrate Judge Hummel's decision to deny a subpoena for Lerner was neither clearly erroneous nor contrary to the law.[3] As the United States previously pointed out, the Second Circuit has held that "to depose a high-ranking government official, a party must demonstrate exceptional circumstances justifying the deposition—for example, that the official has unique first-hand knowledge related to the litigated claims or that the necessary information cannot be obtained through other, less burdensome or intrusive means."  *Lederman v. New York City Dep't of Parks & Recreation*, 731 F.3d 199, 203 (2d Cir. 2013).  At the discovery hearing, Schulz made the same bald assertions about Lerner that he repeats in his appeal, and Magistrate Judge Hummel found there was no indication that Lerner had any relevant knowledge or information, let alone unique first-hand knowledge, as to

---

[3] Schulz does not specify the ground on which his appeal is premised.

5

the narrow issue of what if any income Schulz derived from promoting an abusive tax shelter. Moreover, then and now, Schulz has failed to show that the information he seeks cannot be obtained through other, less burdensome or intrusive means, such as the depositions of the three other IRS officials, which Magistrate Judge Hummel allowed.

In sum, the Court finds that Magistrate Judge Hummel's decision was neither clearly erroneous nor contrary to the law, and that it was well within his discretion to deny a subpoena for Lerner. *See also Moriah v. Bank of China Ltd.*, 72 F. Supp. 3d 437, 440 (S.D.N.Y. 2014) (quashing subpoena for deposition of former House Majority Leader Eric Cantor where "Plaintiffs cannot demonstrate exceptional circumstances that would allow a deposition of Cantor because they cannot establish that Cantor 'has unique first-hand knowledge' related in any manner to this litigation.") (quoting *Lederman*, 731 F.3d at 203).

## CONCLUSION

For these reasons, it is hereby

**ORDERED** that the Text Order (Dkt. No. 120) is **AFFIRMED** and Schulz's Appeal (Dkt. No. 124) is **DENIED.**

**IT IS SO ORDERED.**

August 24, 2017
Syracuse, New York

*Brenda K. Sannes*
Brenda K. Sannes
U.S. District Judge

6