# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

---

ROBERT L. SCHULZ,

                          Plaintiff,                    No. 1:15-cv-01299 (BKS/CFH)

v.

UNITED STATES OF AMERICA,

                          Defendant.

---

**APPEARANCES:**

*Plaintiff pro se:*
Robert L. Schulz
Queensbury, NY 12804

*For Defendant:*
Michael R. Pahl
U.S. Department of Justice, Tax Division
Ben Franklin Station
P.O. Box 7238
Washington, DC 20044

**Hon. Brenda K. Sannes, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

Presently before the Court is Plaintiff pro se Robert Schulz's motion seeking reconsideration (Dkt. No. 224) of the Court's July 12, 2018 Memorandum-Decision and Order, (Dkt. No. 223), granting in part and denying in part Defendant's motion for summary judgment (Dkt. No. 196) and denying Schulz's motion for summary judgment, (Dkt. No. 197).[1]

In general, a motion for reconsideration may only be granted upon one of three grounds: "(1) an intervening change in law, (2) the availability of evidence not previously available, and

---

[1] The Court has also considered Schulz's supplemental letters and his reply in support of his motion seeking reconsideration. (Dkt. Nos. 225, 229, 231).

(3) the need to correct a clear error of law or prevent manifest injustice." *Shannon v. Verizon N.Y., Inc.*, 519 F. Supp. 2d 304, 307 (N.D.N.Y. 2007); *see also Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (same) (citing 18 C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 4478 at 790). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The standard for reconsideration is strict and is committed to the discretion of the court." *S.E.C. v. Wojeski*, 752 F. Supp. 2d 220, 223 (N.D.N.Y. 2010) *aff'd sub nom. Smith v. S.E.C.*, 432 F. App'x 10 (2d Cir. 2011).

In his motion, Schulz states that he "does not seek to present the case under any new theory," but intends only to point to "controlling decisions and data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court to prevent clear error of law and prevent manifest injustice." (Dkt. No. 224-2, at 2). Specifically, Schulz argues that (i) Agent Gordon "did not get prior *written* approval of the penalty determination from his supervisor," (*id.* at 3) and (ii) WTP was not Schulz's alter ego in 2003, (*id.* at 7–25).[2] In support of these assertions, however, Schulz merely presents the same arguments the Court expressly addressed in its July 12, 2018 Memorandum-Decision and Order deciding the parties' motions for summary judgment, (*See* Dkt. No. 223, at 9 n.2, 12–16), and elsewhere, (Dkt. No. 188, at 8).[3] As Schulz's motion seeks only to relitigate issues already

---

[2] Schulz also argues that, "[a]ssuming *arguendo*[] WTP was Schulz's alter ego in respect to the transaction attacked[,] . . . there is no issue of fact" that the penalty owed is $2,060, which "the court could as a matter of law impose . . . without a trial." (Dkt. No. 224-2, at 25). Schulz's subsequent discovery of documents which, according to Schulz, establish a gross revenue of "no more than $1901.36," (Dkt. No. 222, 233-1, at 4), and other developments, (October 1, 2018 Text Minute Entry), render his argument moot. Schulz's pending letter motions, (Dkt. No. 233, 235), seeking permission to file supplemental exhibits in support of his motion for summary judgment, (Dkt. No. 197), are also denied as moot.

[3] Schulz here repeats his assertion that the IRS agent assigned to his case "did not obtain the written approval of his penalty determination by his supervisor or higher official designated by the Treasury Secretary before issuing his penalty letter on November 24, 2014." (Dkt. No. 224-2, at 4–5). As discussed in the July 12, 2018 Memorandum-

decided, he has failed to demonstrate the need to either correct a clear error of law or prevent manifest injustice.

For these reasons, it is hereby

**ORDERED** that Plaintiff's motion for reconsideration (Dkt. No. 224) is **DENIED**; and it is further

**ORDERED** that Plaintiff's letter motions (Dkt. No. 233, 235) seeking permission to file exhibits in support of his motion for summary judgment (Dkt. No. 197) are **DENIED**; and it is further

**ORDERED** that the Clerk of Court serve a copy of this Memorandum-Decision and Order on the Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: October 9, 2018
      Syracuse, New York

Brenda K. Sannes
U.S. District Judge

---

Decision and Order, however, evidence in the record demonstrates that the agent's supervisor did approve the penalty determination on November 18, 2014. (Dkt. No. 190-2, at 48). Schulz's allegation that this evidence is fraudulent is speculative, conclusory, and unsupported any evidence in the record. (Dkt. No. 224-2, at 4–5). Furthermore, Schulz does not dispute that the penalty determination was issued on November 24, 2014. (Dkt. No. 190-1, at 11). Schulz failed to raise an issue of material fact as to whether the agent received "written approval of the initial penalty determination no later than the date the IRS issue[d] the notice of deficiency . . . asserting such penalty." *Chai v. Comm'r of Internal Revenue*, 851 F.3d 190, 221 (2d Cir. 2017).